## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-30020 - MAP

---

Anabela Carvalho, Anthony Gittles,
Lawrence Pietrucci, Richard LaFleche,
and
Robert Vieu,
              **Plaintiffs**

v.

Meadwestvaco Corporation and
Union, Paper, Allied-Industrial, Chemical
& Energy Workers International Union,
Local 10001 and its International,
              **Defendant**

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.  By this action the Plaintiff's Anabela Carvalho, Anthony Gittles, Lawrence Pietrucci, Richard La Fleche and Robert Vieu seek equitable relief and damages against Meadwestvaco Corporation and Union, Paper, Allied-Industrial, Chemical & Energy Workers International Union Local 10001 and its International.

    Plaintiffs bring this action pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101 et. seq. and the Massachusetts Anti-Discrimination Laws, Mass. Gen. Laws ch. 151B et. seq.

### JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2000e-5, as this action arises under the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq.

3.  Venue is proper in this district pursuant to 28 U.S.C. §§ 2000e-5.

4.  At all times pertinent hereto, the Defendants had offices in the State of Massachusetts, County of Hampden, City of Springfield, within the Western Massachusetts District of

1

the U. S. District Court.

5.  Venue is proper in this court because the unlawful practice was committed in Springfield, Massachusetts.

## PARTIES

6.  Plaintiff Anabela Carvalho is a person who resides at 1039 Worcester Street, Springfield Massachusetts, 01101.

7.  Plaintiff Anthony Gittles is a person who resides at 142 Chapin Terrace, in Springfield Massachusetts, 01107.

8.  Plaintiff Lawrence Pietrucci is a person who resides at 27 Arcadia Blvd, Springfield Massachusetts, 01108.

9.  Plaintiff Richard LaFleche is a person who resides at 106 Osborne Terrace, Springfield Massachusetts, 01104.

10. Plaintiff Robert Vieu is a person who resides at 164 Garvey Drive in Springfield Massachusetts, 01109.

11. Defendant MeadWestvaco Corporation (formerly Westvaco Corporation and hereinafter referred to as "employer") is a corporation conducting business in Massachusetts.

12. The name and address of the resident agent of Meadwestvaco Corporation is CT Corporation System, 101 Federal Street, Boston, MA, 02110.

13. Defendant Union, Paper, Allied-Industrial, Chemical & Energy Workers International Union, Local 10001 and its International (hereinafter "PACE") is a labor organization located at 33 Eastland Street in Springfield, MA 01109.

## STATEMENT OF FACTS

14. MeadWestvaco owns and operates a manufacturing facility at 2001 Roosevelt Avenue, Springfield, Massachusetts, 01104.

15. MeadWestvaco owns and operates a manufacturing facility at 180 Moody Road, Enfield, Connecticut 06082.

16. PACE represents blue collar employees in the employer's Springfield and Enfield plants.

17. In October 2001, it was announced that Westvaco Corporation would merge with Mead Corporation in a $10 billion deal to form a new company, MeadWestvaco Corporation.

18.    Annual revenues from MeadWestvaco corporation were estimated at more than $8 billion in packaging, coated and specialty papers, consumer and office products, and specialty chemicals.

19.    At all material times described herein MeadWestvaco Corporation employed in excess of 500 employees.

20.    In September of 2002, the defendant announced its intention to close its Springfield plant and to consolidate its operations with the employer's plant in Enfield, Connecticut.

21.    The employer announced that employees could elect to transfer to the Enfield plant according to seniority.

22.    Subsequent to announcing the closing of the Springfield facility, PACE and the employer "negotiated" an amendment to the existing collective bargaining agreement (hereinafter memorandum of agreement) which enhanced plant closing benefits that were already contained in the existing collective bargaining agreement.

23.    The memorandum of agreement also stated that an individual desiring to transfer to the Enfield plant must have "no medical restriction." A true and accurate copy of the memorandum of agreement entitled "Company Offer" and dated October 10, 2002, is attached hereto as Exhibit "A" and incorporated herein.

24.    Plaintiff Anabela Carvalho was employed by the Defendant, Mead/Westvaco as a Machine Adjuster from December of 1986 through November 24, 2002.

25.    Anabela Carvalho developed Carpal Tunnel Syndrome as a result of her work as a Machine Adjuster while working for the Defendant, Mead/Westvaco.

26.    The Defendant Mead/Westvaco accepted Anabela Carvalho's claim for worker's compensation and paid her  workers compensation benefits pursuant to Mass. Gen. Laws ch. 152.

27.    The plaintiff Anabela Carvalho's condition caused her to suffer many side effects which substantially limited her life activities.

28.    Due to her work related injury Anabela Carvalho has been unable to work in excess of 8 hours per day although she was able to work overtime on weekends.

29.    Anabela Carvalho  informed her employer of her work restrictions and her employer accommodated those restrictions for several years.

30.    Plaintiff Anthony Gittles was employed by the Defendant Mead/Westvaco from May of

3

1971 through November 24, 2002 at its Springfield, Massachusetts plant.  ,

31.   Anthony Gittles last job classification with the defendant Mead/Westvaco was a Machine Adjuster Class A.

32.   In May of 1996, Anthony Gittles presented the employer with a request for a permanent work limitation restricting him to no more than 8 hours of work in a particular day, but allowing him to work overtime on weekends.

33.   This Restriction sought by Anthony Gittles in May of 1996 was the result of a back condition (sciatica and torn cartilage), arthritis in his knee, and sleep Apnea.

34.   In May of 1996, Anthony Gittles asked his employer to accommodate this request and it was denied. See Exhibit "B"Memo to Anthony Gittles from Plant Superintendent dated September 10, 1996.

35.   On October 30, 1996, Anthony Gittles filed a complaint with the Massachusetts Commission Against Discrimination claiming that his employer had failed to provide him with a reasonable accommodation and otherwise discriminated against him on the basis of his handicap. A copy of that complaint is attached as Exhibit "C"

36.   On or about December 30, 1998, the Massachusetts Commission Against Discrimination found probable cause to believe the employer had discriminated against Anthony Gittles on the basis of his handicap. A copy of the Commission's determination is attached as Exhibit "D."

37.   In approximately April of 2001, the employer approached Anthony Gittles and asked to discuss settlement of his pending MCAD complaint.

38.   As a result of that settlement discussion, the employer agreed to permanently accommodate Anthony Gittles medical restriction limiting his work days to (8) eight hours per day. The employer specifically stated in this agreement:

> These restrictions have been acceptable for the past few years and will continue barring any changes in your medical conditions.

A copy of that settlement agreement is attached as Exhibit "E."

39.   Plaintiff Lawrence Pietrucci was employed by the Defendant Mead/Westvaco as a Machine Adjuster from October of 1968 through November 24, 2002.

40.   In 1990, Lawrence Pietrucci  injured his back while working for the defendant.

41. In 1990 Lawrence Pietrucci was paid workers compensation benefits and eventually returned to full duty.

42. In Approximately April of 2002, Lawrence Petrucci injured his hip while at work.

43. In April 2002, the employer again accepted Lawrence Petrucci's claim for worker's compensation and paid workers compensation benefits accordingly.

44. The April 2002 work related injury caused Lawrence Pietrucci to suffer many side effects which limited his life activities.

45. As a result of the April 2002 work-related injury, Lawrence Pietrucci's treating physician issued temporary work restrictions which required no lifting in excess or 20 lbs and no overtime work.

46. Lawrence Pietrucci's April 2002 restrictions were temporary and the employer accommodated them.

47. On November 4, 2002, Lawrence Pietrucci presented to the employer a medical release indicating that his medical restrictions were lifted and he was ready to return to full duty.

48. Plaintiff Richard La Fleche was employed by the Respondent, Mead/Westvaco as a Machine Adjuster from May of 1966 through November 24, 2002.

49. In July of 1988, Plaintiff Richard La Fleche injured his back while working for the Respondent, Mead/Westvaco as a Machine Adjuster.

50. The employer accepted Plaintiff Richard La Fleche's claim for worker's compensation and paid him workers compensation benefits as a result of the July 1988 back injury.

51. The work related back injury caused Plaintiff Richard La Fleche to suffer many side effects which limited his life activities.

52. For the past several years, Plaintiff Richard La Fleche has been unable to work in excess of 8 hours per day although he has been able to work overtime on weekends.

53. Plaintiff Richard La Fleche informed his employer of his work restrictions and the employer accommodated those restrictions for several years. See Exhibit "F."

54. Plaintiff Robert Vieu was employed by the Respondent, Mead/Westvaco as a Machine Adjuster from December 18, 1994 through November 24, 2002.

55. Prior to commencing work with the employer, Plaintiff Robert Vieu suffered a heart

5

attack and was left with continuing heart problems including coronary artery disease. This condition caused him to suffer many side effects which limited his life activities.

56.   In approximately May of 2000, Robert Vieu's treating physician indicated that because of his health condition, he was unable to work beyond 8 hours a day and no more than 40 hours per week.

57.   Robert Vieu informed his employer of his work restrictions and his employer accommodated his work restrictions.

58.   In December of 2000, Robert Vieu's medical restriction was altered and limited him to working 8 hours per day although he was able to work overtime on the weekends. Again, his employer accommodated this medical restriction. See Exhibit "G"

59.   On or about October 18, 2002, PACE ratified the memorandum of agreement with the employer prohibiting any employee with a medical restriction from transferring to the Enfield, Connecticut plant.

60.   The Plaintiffs objected to the ratification of the memorandum of agreement.

61.   Subsequent to the union's ratification of the memorandum of agreement the employees of the Springfield plant met with the employers representative regarding the transfer to the Enfield plant (hereinafter the meeting). A representative from PACE attended the meeting.

62.   During the meeting the Plaintiffs requested a transfer to the Enfield Plant.

63.   The Plaintiffs were told that they could not transfer to the Enfield Plant because of their medical restrictions.

64.   At the meeting plaintiff Anabela Carvalho received a form which stated, "Employee refused to sign. Employee was told she would not be offered a position in Enfield due to the memorandum of agreement and her medical restrictions. Waives the 24 hr period to get Drs. Note." A copy of the form is attached hereto as Exhibit "H" and incorporated herein.

65.   The form Anabela Carvalho received at the meeting also acknowledged that Anabela Carvalho did in fact elect to "transfer" to the Enfield plant with a work the schedule of 7am-3pm.

66.   At the meeting plaintiff Anthony Gittles received a form which stated, "Based on the memorandum of agreement the employee will not be considered for the Enfield plant due to the medical restrictions. Offered 24 hrs to see dr. Employee refused to sign." A copy of

the form is attached hereto as Exhibit "I" and incorporated herein.

67.    The form Anthony Gittles received at the meeting also acknowledged that he did in fact elect to "transfer" to the Enfield plant with a work schedule of 7am-3pm.

68.    At the meeting Richard Lafleche received a form which stated, "Employee not going to Dr. Emp. Can't work 12 hrs. says he can't do it. Due to memorandum of agreement medical not offered. Employee refused to sign." A copy of the form is attached hereto as Exhibit "J" and incorporated herein.

69.    The form Richard Lafleche received at the meeting also acknowledged that he did in fact elect to "transfer" to the Enfield plant with a work schedule of 7am-3pm.

70.    Many employees subsequently transferred to the Enfield plant where they worked 8 hour shifts although they have less seniority than the plaintiffs and have no medical restrictions.

71.    At no time did the employer inquire or otherwise investigate whether the Plaintiffs could perform the essential functions of their jobs.

72.    Mead/Westvaco failed to provide the Plaintiffs with a reasonable accommodation.

73.    As a direct and proximate result of the employer's refusal to accommodate any medical restriction, the Plaintiffs employment was terminated effective November 24, 2002.

74.    At all material times described herein, Plaintiffs were in fact capable of performing the essential functions of their positions.

75.    On February 14, 2003 Plaintiffs filed a complaint with the Massachusetts Commission Against Discrimination and the EEOC.

76.    On December 29, 2004 the Plaintiffs requested a right to sue letter from the Equal Employment Opportunity Commission.

77.    On January 10, 2005 the Plaintiffs received a Notice of Right to Sue for each of the named plaintiffs pursuant to 42 U.S.C. 2000e-5(f) copies of which are attached hereto as Exhibit K.

78.    Plaintiffs have exhausted their administrative remedies.

79.    As a direct and proximate result of the defendants actions, plaintiffs have suffered loss of future income.

80.    As a direct and proximate result of the Defendants actions, Plaintiffs have suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## FIRST CLAIM

81.    Plaintiffs incorporate herein by reference all the allegations made previously in this discrimination complaint as if fully stated herein, specifically all the allegations made in paragraphs numbered #1 to #80.

82.    By refusing to allow otherwise qualified individuals to transfer to the Enfield plant, Mead/Westvaco defendant, by their conduct herein alleged, intentionally, willfully and without justification, violated the Americans with Disabilities Act (1990).

## SECOND CLAIM

83.    Plaintiffs incorporate herein by reference all the allegations made previously in this discrimination complaint as if fully stated herein, specifically all the allegations made in paragraphs numbered #1 to #82

84.    By refusing to allow otherwise qualified individuals to transfer to the Enfield plant, Mead/Westvaco defendant, by their conduct herein alleged, intentionally, willfully and without justification, violated Mass. Gen. Laws ch. 151B § 4 (16).

## THIRD CLAIM

85.    Plaintiffs incorporate herein by reference all the allegations made previously in this discrimination complaint as if fully stated herein, specifically all the allegations made in paragraphs numbered #1 to #84.

86.    By participating in and allowing the ratification of an agreement that illegally discriminated against otherwise qualified handicapped persons the Defendant, Union, Paper, Allied-Industrial, Chemical & Energy Workers International Union Local 10001 and its International intentionally, willfully and without justification violated the Americans with Disabilities Act (1990).

## FOURTH CLAIM

87.    Plaintiffs incorporate herein by reference all the allegations made previously in this

discrimination complaint as if fully stated herein, specifically all the allegations made in paragraphs numbered #1 to #86.

88.    By participating in and allowing the ratification of an agreement that illegally discriminated against otherwise qualified handicapped persons the Defendant, Union, Paper, Allied-Industrial, Chemical & Energy Workers International Union Local 10001 and its International aided and abetted Defendant MeadWestvaco in discriminating against the plaintiffs in violation of Mass. Gen. Laws ch. 151B § 4(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Anabela Carvalho, Anthony Gittles, Lawrence Pietrucci, Richard LaFleche, and Robert Vieu respectfully demand the following relief:

1. Trial by jury of all issues so triable;

2. A judgment compelling the Defendants to cease discriminating against the plaintiffs in any manner

3. A judgment awarding Plaintiffs all costs and disbursements for this action;

4. A judgement awarding Plaintiffs any and all appropriate relief.

5. A judgment awarding Plaintiffs attorney fees and the costs and disbursements of this action pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(k) and Mass. Gen. Laws ch.151B.

6. A judgment awarding money damages in a yet to be specified amount for Defendants violations of Mass. Gen. Laws ch.151B and 42 U.S.C. §§12112;

7. A judgement awarding compensatory and punitive damages pursuant to 42 U.S.C. 1981a and Mass. Gen. Laws ch.151B.

8. A judgment awarding such other and further relief as is available under the laws of the United States and which to the Court may deem just and proper.

The Plaintiffs,
By Their Attorney,

John D. Connor, Esq.
BBO# 629-185
The Law Offices of Moriarty and
Connor, LLC
101 State Street, Suite 501
Springfield, MA 01103
Tel (413) 827-0777
Fax (413) 827-8867

January 19, 2005

EXHIBIT LIST

Exhibit A - "Plant Shutdown Springfield, Company Offer" dated October 18, 2002

Exhibit B - Memo to Anthony Gittles from Plant Superintendent denying his request for a reasonable accommodation dated September 10, 1996.

Exhibit C - Anthony Gittles MCAD Complaint dated October 30, 1996.

Exhibit D - Anthony Gittles MCAD probable cause determination dated December 30, 1998.

Exhibit E - Anthony Gittles MCAD Settlement with employer dated April 17, 2001.

Exhibit F - Richard La Fleche Request for Medical Work Restriction dated August 15, 2000.

Exhibit G - Robert Vieu Request for Medical Work Restriction dated December 12, 2000.

Exhibit H - Employee Job Transfer Selection Sheet indicating Anabela Carvalho would not be allowed to transfer dated October 23, 2002.

Exhibit I - Employee Job Transfer Selection Sheet indicating Anthony Gittles would not be allowed to transfer dated October 23, 2002.

Exhibit J - Employee Job Transfer Selection Sheet indicating Richard LaFleche would not be allowed to transfer dated October 22, 2002.

Exhibit K - Notice of Right to Sue for Anthony Gittles, Lawrence Pietrucci, Anabela Carvalho, Richard LaFleche, and Robert Vieu dated January 5, 2005 and January 10, 2005.

# EXHIBIT   A

Plant Shutdown Springfield, Flexible Packaging Plants
Company Offer

MeadWestvaco Envelope Division, for its Springfield and Flexible Packaging Plants and
P.A.C.E. International Union, AFL-CIO/CLC Local 1-0001 parties to the Agreement for
October 1, 2000 to September 30, 2003, stipulate and agree to the following:

1.    Employees will be classified in the job class as listed on the attached seniority list.

2.    When the first of either of the following occurs:  last employee is transferred to
      Enfield Plant or the last machine arrives in the Enfield Plant, the 45 calendar day
      transfer period will start for all employees. The Union will be notified. A
      Springfield or Flexible Packaging Plant employee who accepts a transfer to the
      Enfield Plant, but is not transferred to that plant in 14 calendar days or less after the
      beginning of the 45 calendar day transfer period, will be given 7 additional calendar
      days for their transfer period.

3.    No vacation time will be scheduled for employees transferring to the Enfield Plant
      until after the 45 calendar day transfer period has expired.

4.    Employees will keep their full employment and disciplinary record when they
      transfer to the Enfield Plant.

5.    No medical restriction -- employees must perform all essential functions of their job.

6.    There will be one 45 calendar day transfer period which covers all employees who
      have the option to transfer to the Enfield Plant.  However, no employee will have
      less than 7 days to make their transfer decision.  If an employee receives his/her
      transfer opportunity with less than 7 calendar days remaining in the original 45
      calendar day transfer period mentioned above, the employee will be given the
      appropriate number of additional days, up to 6 calendar days.

7.    The company's offer includes applying the following Disqualification Language to
      all Springfield/Flexible Packaging employees for one year beginning with the start
      of the 45 calendar day period:

      Employee Job Disqualification
      When an employee, through no fault of his own, is not meeting job requirements,
      and, as a result is disqualified, such employee shall exercise his bumping rights in
      accordance with Article IV, Section 3(D) Extended Layoff Procedure.  Employees
      will be informed of the job performance requirements for their jobs.

      It is understood that disciplinary action may be appropriate rather than layoff when
      an employee's deficient job performance is the product of carelessness or neglect of
      duty.

-2-

8.  Closing Pay: Change Article XXII Section (H) 2 to read as follows:

    An allowance of 70 hours pay for all employees with five (5) uninterrupted years of service with the Company, plus three (3) additional days for each uninterrupted year of service with the Company over five (5) years.

    No change to the remainder of this section.

9.  All pending grievances and arbitration cases at the Springfield Envelope Plant and the Flexible Packaging Plant will be dropped by the Union. The A.A.A. will be notified by the Union that all pending arbitration cases are withdrawn.

10. The Company's offer is subject to ratification by the Union, Pace Local 1-0001. If the Company's offer is not ratified on Sunday, October 20, 2002 it is withdrawn.

11. Job openings available to employees at the Springfield and Flexible Packaging Plants shall be as shown on the attached list.


FOR UNION                                    FOR COMPANY

_Ron Duele_  10/18/02                        _Alvin Robinson_  10/18/02

_John T Hatcher President_
                1-0001
                10-18-02

# EXHIBIT   B



# Westvāco

September 10, 1996

TO:            Anthony Gittles

FROM:          James Rivest, Plant Superintendent

SUBJECT:       **<u>Overtime Restriction</u>**

Upon evaluation of your request for Permanent Overtime Restriction, it is the company's position that your medical information does not warrant a Permanent Overtime Restriction. It is our opinion that it is appropriate to expect you to work a reasonable amount of overtime in accordance with the Labor Agreement.  Your name will be placed on the overtime chart effective September 16, 1996.

If you have any questions on the above, please see your Supervisor or me.

JPR/jml

cc: G. Jakobowski
    J. Maconi
    A. Robinson

Gittles-OT.mem

# EXHIBIT    C

## CHARGE OF DISCRIMINATION
### MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION AND EEOC

--------------------------------------------------------------------------------

FEPA NUMBER : 96-SEM-0782                     FILING DATE : 10/30/96
EEOC NUMBER :                                 VIOLATION-DATE: 10/01/96

--------------------------------------------------------------------------------

NAME OF AGGRIEVED PERSON OR ORGANIZATION          TELEPHONE NUMBERS
   GITTLES, ANTHONY                        HOME    : ( 413 ) 739 - 3029
   142 CHAPIN STREET                       BUSINESS: (     )      -
   SPRINGFIELD  MA 01107

--------------------------------------------------------------------------------

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY,
OR STATE/LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:
   WESTVACO                                TELEPHONE NUMBER: ( 413 ) 787 - 9650
   315 INDUSTRY AVENUE                     NO OF EMPLOYEES: 00200
   SPRINGFIELD  MA 01104

--------------------------------------------------------------------------------

CAUSE OF DISCRIMINATION BASED ON: HANDICAPPED PERSON

--------------------------------------------------------------------------------

THE PARTICULARS ARE:

  ON OCTOBER 1, 1996, WESTVACO SUBJECTED ME TO UNEQUAL TERMS AND CONDITIONS
OF MY EMPLOYMENT BASED ON MY HANDICAPS (ARTHRITIS IN KNEE & BACK TORN
CARTILEDGE AND SLEEPING DISORDER) IN VIOLATION OF M.G.L. CHAPTER 151B
SECTION 4 PARAGRAPH 16 AND THE AMERICANS WITH DISABILITIES ACT.
1. I WAS HIRED ON MAY 5, 1971, AS A PRESS HELPER. IN 1972, I SUCESSFULLY
BIDDED ON THE POSITION OF MACHINE ADJUSTER.
2. THE COMPANY HAS A MANDATORY OVERTIME POLICY FOR ALL EMPLOYEES IN
MANUFACTORING.
3. SINCE FEBRUARY, 1995, I HAVE BEEN ON MEDICAL RESTRICTIONS BASED ON MY
HANDICAPS ONLY TO WORK EIGHT HOUR DAYS.
4. IN AUGUST, 1996, I WAS NOTIFIED BY THE COMPANY THAT THEY WOULD NO LONGER
ACCEPT MY DOCTOR'S NOTES AND PROVIDE ME WITH A REASONABLE ACCOMODATION.
5. ON OCTOBER 1, 1996, I WAS REQUIRED TO WORK OVERTIME IN WHICH I REFUSED.
6. EACH TIME I REFUSE TO ACCEPT OVERTIME PLACES ME IN THE POSITION OF
RECEIVING DISCIPLINARY ACTION WHICH CAN RESULT IN THE LOSS OF MY JOB.
  I BELIEVE THAT I AM BEING DISCRIMINATED AGAINST BASED ON MY HANDICAPS.

--------------------------------------------------------------------------------

RECEIVED
OCT 3 0 1996

I ALSO WANT THIS CHARGE FILED WITH EEOC: ✓
I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND
I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN
ACCORDANCE WITH THEIR PROCEDURES

I SWEAR OR AFFIRM THAT I HAVE READ THIS COMPLAINT AND THAT IT IS
TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF

                                      *Anthony Gittles*

d (SIGNATURE OF COMPLAINANT)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 30 DAY OF October 1996.

NOTARY PUBLIC: *Elaine B. Ruch*   MY COMMISSION EXPIRES: 3/6/2003

MCAD7115

MASSACHUSETTS COMMISSIO
AGAINST DISCRIMINATION

# EXHIBIT   D



## THE COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### 436 DWIGHT STREET, SUITE 220
### SPRINGFIELD, MA 01103



Argeo Paul Cellucci
Governor

Charles D. Baker
Secretary

Charles E. Walker, Jr.
Chairman

Douglas T. Schwarz
Commissioner

Dorca I. Goméz
Commissioner

Date: December 30, 1998
Anthony Gittles, Esq.
142 Chapin Street
Springfield, MA 01107

Sandra Gauthier
Westvaco Envelope Division
2001 Roosevelt Avenue
Box 3300
Springfield, MA 01101-3300

Re: *Gittles v. Westvaco*
No: 96-SEM-0782

Dear Parties:

Please be advised that the Commission has found probable cause in the above-referenced matter. A copy of the determination is enclosed.

Pursuant to M.G.L. Chapter 151B, Section 5, the Commission is required to conduct conciliation following a probable cause determination in order to attempt a voluntary resolution of the complaint. Please be advised that a Conciliation Conference has been scheduled for ___3/3/99   11:00am__ in the Springfield office.

Both parties, as well as any individuals with authority to resolve the matter on behalf of a party, are <u>required</u> to attend the conference. Failure of either party to attend a conciliation conference may result in immediate certification of the case to Public Hearing or dismissal.

**In addition, counsel for Complainant shall submit a Memorandum of Damages which sets forth Complainant's proposal for resolution. The Memorandum shall be submitted to the Commission one week prior to the conference.** In the event Complainant does not have private counsel, Commission appointed counsel will represent Complainant at the Conciliation Conference.

Thank you in advance for your cooperation and participation in assisting the Commission in t matter. If you have any further questions, please contact the Commission at (413)739-2145.

Very truly yours,

Dorca I. Gomez
Investigating Commissioner

cc: Jerrold S. Levinsky, Commission Counsel
enc:

Tel: (413) 739-2145 or (413) 739-3330

Fax: (413) 784-1056

# COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### INVESTIGATION FACT SHEET

To: Sandra Gauthier
    Westvaco, Envelope Division
    2001 Roosevelt Avenue, Box 3300
    Springfield, MA 01101-3300

From: COMMONWEALTH OF MASSACHUSETTS
       COMMISION AGAINST DISCRIMINATION
       436 DWIGHT STREET, SUITE 220
       SPRINGFIELD, MA 01103

| Docket No. | EEOC No. | Investigator | Telephone |
|---|---|---|---|
| 96-SEM-0782 | 16C970462 | Taft L. Bailey | 413 739-2145 |

Case Name:
Gittles v. Westvaco

---

**Investigation Summary:**

    On October 30, 1996, Complainant filed a complaint with this Commission charging that Respondent subjected him to unequal terms and conditions of employment and denied him a reasonable accommodation based on his handicap ( arthritis in knee & back, torn cartiledge and sleeping disorder). Complaint alleged that Respondent's actions were in violation of M.G.L. Chapter 151B Section 4, Paragraphs 16 and the Americans with Disabilities Act..

    Respondent denied all allegations of discriminatory behavior. Respondent stated that Complainant's allegations lack merit.

---

**Issue(s) Investigated:**

    The substantive issues in dispute in this charge concern Complainant's allegations that he was subjected to discrimination based on his handicap.

**Investigation Reveals:**

1. Respondents, Westvaco, is located in Springfield, Massachusetts, employs more than 15 employees, and is an employer as defined by M.G.L., Chapter 151B, Section 1, Paragraph 5.

2. Complaint charged that subsequent to presenting Respondent with medical documentation requesting a reasonable accommodation, Respondent refused to adhere to his restrictions and subjected him to disciplinary action.

3. Respondent denied that Complainant was subjected to discrimination and stated that Complainant was not a qualified handicapped individual. Respondent indicated that Complainant's refusal to work overtime constituted a violation of a uniformly enforced company policy and was grounds for disciplinary action. Respondent indicated that Complainant's permanent inability to work overtime posed an undue hardship.

4. Complainant indicated that Respondent admits that he was subjected to disciplinary action for refusing to work overtime, although he submitted medical documentation requesting such an accommodation. Complainant submitted evidence which indicates that he was a qualified handicapped individual who was denied a modified work schedule as a reasonable accommodation for no legitimate business reason.

Conclusion:

Based on the foregoing findings, a finder of fact could form the reasonable belief that Respondent may have subjected Complainant to discrimination based on his handicap.

## DISPOSITION:

Pursuant to Section 5 of Chapter 151B of the Massachusetts General Laws, and in conformity with the foregoing findings of facts, I have this day found that probable cause exists for crediting the allegations of the subject complaint. Pursuant to said Section 5, the parties will be afforded an opportunity to participate in a conciliation conference at the offices of the Commission. If the parties do not choose to participate, or if such conference does not result in an informal resolution of this matter, the case will be certified for public hearing and a final disposition on this matter will be rendered by the designated Hearing Commissioner.

Taft L. Bailey
Investigator

Alan Cassella
Supervisor

Dorca I. Gomez
Investigating Commissioner    Date

CC:    Anthony Gittles
       142 Chapin Terrace
       Springfield, MA 01107

# EXHIBIT   E


**Envelope Division**

**REVISED** from April 11, 2001

**CONFIDENTIAL**

April 17, 2001

TO:         Tony Gittles

FROM:       John V. Maconi

SUBJECT:    **Overtime Restrictions**

Confirming our discussion today, and your previous discussions with Sandra Gauthier, the Company recognizes, and has accepted your medical evaluations as supplied by your Doctors. The limitation is for you to work no more than eight hours per day. It does allow you to work two Saturdays per month, as has been the past practice.

These restrictions have been acceptable for the past few years and will continue barring any changes in your medical conditions.

We are pleased that we have resolved this concern.

JVM:sal

cc:  TG – P file
     SJG
     SRP
     JT
     JFW

overtime restrictions

# EXHIBIT   F

Medical Release:_____ Richard LaFleche _____
Employee Name

I authorize my physician to release the following information:

_Richard La Fleche_                    _8-15-2000_____
Employee Signature                         Date

**Diagnosis** (please write clearly)

_____ lumBar disc disease _____

**Prognosis** (please write clearly)

_____ Chronic Condition. ~~Will probably~~ worsen

To accommodate an employee's medical condition and to assist them with their contractual overtime obligation, which of the following alternatives can the employee perform based on his/her medical restriction?

A.  Can the employee work <u>two</u> 12 hour days, Monday thru Friday?          ____Yes   **X**_No

B.  Can the employee work <u>one</u> 12 hour day, Monday thru Friday and <u>one</u> 8 hour shift on weekends (Sat./Sun) <u>twice a month</u>?          ____Yes   **X**___No

C.  Can the employee work an 8 hour shift on the weekend <u>twice</u> a month (no Monday thru Friday overtime)?          **X**_Yes   ____No

Upon review of your patient's job functions, are there any physical accommodations (i.e., hoist, lift assists, floor mats, etc.) That would enable the employee to work one of the <u>above</u> overtime alternatives?

_____
_____

What is the duration of the restriction?     ❏ temporary   from: ___/___/___ to ___/___/___
                                                                — indefinite
Physician Name _____ BursTEin MD _____

(Please type or print)

Address _____ 444 MonTgomery ST. ehic ma _____
                                                          01020
Telephone _____ 413. 894. 3111 _____

_____ BursTEin/ CFernandes   NP   8·15·00 _____
Signature of Treating Physician                         Date

FORM3A 6/12/00

# EXHIBIT   G

# REQUEST FOR MEDICAL WORK RESTRICTION

Medical Release: ___Robert Vieu___
**Employee Name**

I authorize my physician to release the following information:

___Robert Vieu___      ___Dec. 12, 2000___
**Employee Signature**          **Date**

**Diagnosis** (please write clearly)

___Coronary Artery Disease___

**Prognosis** (please write clearly)

___Guarded___

To accommodate an employee's medical condition and to assist them with their contractual overtime obligation, which of the following alternatives can the employee perform based on his/her medical restriction?

A.     Can the employee work <u>two</u> 12 hour days, Monday thru Friday?     ____Yes    _X_No

B.     Can the employee work <u>one</u> 12 hour day, Monday thru Friday and <u>one</u> 8 hour shift on weekends (Sat./Sun) <u>twice a month</u>?     ____Yes    _X_No

C.     Can the employee work an 8 hour shift on the weekend <u>twice</u> a month (no Monday thru Friday overtime)?     _X_Yes    ____No

Upon review of your patient's job functions, are there any physical accommodations (i.e., hoist, lift assists, floor mats, etc.) That would enable the employee to work one of the <u>above</u> overtime alternatives?

___No___

What is the duration of the restriction?    ☐ temporary   from: ___/___/___ to ___/___/___   _Permanent_

Physician Name ___Robert L Lounsbury___
**(Please type or print)**

Address ___305 Bicentennial Hwy Enfld, MA 01118___

Telephone ___413 - 733 - 4100___

___[signature]___      ___12/12/00___
**Signature of Treating Physician**      **Date**

FORM3A 6/12/00

MWCHP NO.    Status:    Date:    **Discharge Instructions**

```
P 70-02-15-00  70-02-15-00    M 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
  VIEU, ROBERT          SPRINGFIELD
  LOUNSBURY, ROBERT L   ADULT MED/SPRINGFIE
D 5/5/00    11:45 AM
  BLUE CROSS/BLUE SHI  XXH013400440
— HMO BLUE OV$5 MH$5/15
M 164 GARVEY DR         11/21/1950
  SPRINGFIE MA 01109   413-782-3715
  05/04/00    10:48 AM     01
```

|  | ☐ After meals | ☐ Before meals |
|---|---|---|
|  | ☐ After meals | ☐ Before meals |
|  | ☐ After meals | ☐ Before meals |

**Follow Up:**

☐ Office Visit    ☐ Telephone

in _____ day(s) or _____ week(s) with _____

Note: If you are worse in _____ hours or less, recheck by calling Medical West.

**Test:**    **Results:**

☐ X-rays: _____    ☐ Normal  or  ☐ _____

☐ Lab Tests: _____    ☐ Normal  or  ☐ _____

**Consultants:** _____

**Physical Therapy:** _____

**Patient Instructions:**

☐ Elevate Injured Part    ☐ Other: _____

☐ No Weight Bearing    _____

☐ Change Dressing Daily    _____

### Health Center Locations

**Braintree Medical Associates**
340 Wood Road
Braintree, MA 02184
Telephone: (781) 849-1111

**Valley Medical Associates**
9 Branch Street
Methuen, MA 01844
Telephone: (978) 683-9177

**Framingham Medical Associates**
260 Cochituate Road (Rt. 30)
Framingham, MA 01701
Telephone: (508) 879-0077

**Peabody Medical Associates**
Northshore Mall
Peabody, MA 01960
Telephone: (978) 532-6111

**Chicopee Health Center**
444 Montgomery Street
Chicopee, MA 01020
Telephone: (413) 594-3111

**Agawam Health Center**
230 Main Street
Agawam, MA 01001
Telephone: (413) 733-6700

**Springfield Health Center**
305 Bicentennial Avenue
Springfield, MA 01118
Telephone: (413) 733-4104

**Westfield Health Center**
1029 North Road
Westfield, MA 01085
Telephone: (413) 533-2900

_____ **was seen here on** _____
Patient Name    Date

Return to work/school on: _____    Effective from _____ to _____
    Date    Date    Date

☐ Out of work.

No Use of: ☐ Right  ☐ Left  ☐ Leg  ☐ Arm    *No more than 40! neck*

☐ Can perform light duty.    ☒ Other restrictions: *8° / Day*

No lifting more than _____ pounds.

☐ Work Related    ☐ Non-Work Related    *Lounsbury*
    Physician Name (Please print)

_____    _____  *5/5/00*
Patient Signature    Date    Provider Signature    Date   6379 RG (12/98)

Medical Release: ___Robert Vieu___                    10-29-01
                    Employee Name

I authorize my physician to release the following information:

_~Robert Vieu~_                    ___11-1-01___
Employee Signature                    Date

**Diagnosis** (please write clearly)

Coronary Artery Disease

**Prognosis** (please write clearly)

Guarded

To accommodate an employee's medical condition and to assist them with their contractual overtime obligation, which of the following alternatives can the employee perform based on his/her medical restriction?

A.    Can the employee work **two** 12 hour days, Monday thru Friday?          ___Yes    _X_ No

B.    Can the employee work **one** 12 hour day, Monday thru Friday and **one** 8 hour shift on weekends (Sat./Sun)
      **twice a month**?                                                       ___Yes    _X_ No

C.    Can the employee work an 8 hour shift on the weekend **twice** a month (no Monday thru Friday overtime)?
                                                                              _X_ Yes    ___ No

Upon review of your patient's job functions, are there any physical accommodations (i.e., hoist, lift assists, floor mats, etc.) That would enable the employee to work one of the **above** overtime alternatives?

No

What is the duration of the restriction?      ☐ temporary   from: _11/2/01_ to _10/31/02_

Physician Name _Robert L Lounsbury MD_
                    (Please type or print)

Address _305 Bicentennial Hwy    Springfield, MA 01118_

Telephone _413-733-4101_

_~signature~_                              ___11/2/01___
Signature of Treating Physician                Date

FORM3A 6/12/00

# EXHIBIT   H

Springfield Envelope and Flexible Packaging
Plant Shutdown

Employee Job Transfer Selection Sheet

Name:  Annabella  Carvalho

Current Job Classification:  Machine Operator

A.  ☑  Based on my seniority date of __12/2/84__ I elect to transfer to the Enfield Plant in
the job classification of: __Mach. Oper__ on the shift and work
schedule of: __7AM to 3PM Five day__

   ☐  I have elected not to exercise my option to transfer to the Enfield Plant and I will
take my plant closing pay as soon as it is available to me if I am eligible for such
pay.

B.  ☐  Based on my seniority date I am not eligible and therefore was not offered a transfer
to the Enfield Plant.

   ☐  I have elected to take my plant closing pay as soon as it is available to me if I am
eligible for such pay.

C.  ☐  I have elected to delay receiving my plant closing pay, if eligible, for the duration of
the 45-calendar day transfer period.  I am available for an Enfield Plant job
opening, in my job classification, if such job opening occurs during the
45-calendar day transfer period.  Seniority Rights Prevailing.

The above options are in accordance with Article XXII and the Plant Shutdown Memorandum
ratified on 10/20/02.

_____
Employee Signature

_____          _____
Date

_Richard Withnell_
Union Official                                            _10·23-02_
                                                                    Date

_John Tolow_
Company   Employer refused to sign.          _10-23-02_
                                                                    Date

Employee was told she would not be offered a position in
Enfield due to the memorandum of agreement an her
medical restrictions. Waives the 24 hr. period to get Drs note.

# EXHIBIT   I

Springfield Envelope and Flexible Packaging
Plant Shutdown

Employee Job Transfer Selection Sheet

Name: Anthony Gittles

Current Job Classification: Machine Adjuster

A.  ☒  Based on my seniority date of 5|3|71 I elect to transfer to the Enfield Plant in
        the job classification of: Mach. Adj on the shift and work
        schedule of: 7AM 3pm

    ☐  I have elected not to exercise my option to transfer to the Enfield Plant and I will
        take my plant closing pay as soon as it is available to me if I am eligible for such
        pay.

B.  ☐  Based on my seniority date I am not eligible and therefore was not offered a transfer
        to the Enfield Plant.

    ☐  I have elected to take my plant closing pay as soon as it is available to me if I am
        eligible for such pay.

C.  ☐  I have elected to delay receiving my plant closing pay, if eligible, for the duration of
        the 45-calendar day transfer period. I am available for an Enfield Plant job
        opening, in my job classification, if such job opening occurs during the
        45-calendar day transfer period. Seniority Rights Prevailing.

The above options are in accordance with Article XXII and the Plant Shutdown Memorandum
ratified on 10/20/02.

_____              _____
Employee Signature                                                    Date

*Richard Witherell*
Union Official                                                          10-23-02
                                                                              Date

*J. Rabowski*
Company                                                              10/23/02
                                                                              Date

Based on the memorandum of agreement the employee
will not be considered for the Enfield Plant due to the
medical restrictions. Offered 24 hrs to see dr.
Employee refused to sign.

# EXHIBIT   J

Springfield Envelope and Flexible Packaging
Plant Shutdown

Employee Job Transfer Selection Sheet

Name: _Richie  Lafleche_____

Current Job Classification: _Machine  Adjuster_____

A.   ☒   Based on my seniority date of _5/16/66_ I elect to transfer to the Enfield Plant in
         the job classification of: _Mach. Adj._____ on the shift and work
         schedule of: _7-3 pm  5 DAY_____.

     ☐   I have elected not to exercise my option to transfer to the Enfield Plant and I will
         take my plant closing pay as soon as it is available to me if I am eligible for such
         pay.

B.   ☐   Based on my seniority date I am not eligible and therefore was not offered a transfer
         to the Enfield Plant.

     ☐   I have elected to take my plant closing pay as soon as it is available to me if I am
         eligible for such pay.

C.   ☐   I have elected to delay receiving my plant closing pay, if eligible, for the duration of
         the 45-calendar day transfer period. I am available for an Enfield Plant job
         opening, in my job classification, if such job opening occurs during the
         45-calendar day transfer period. Seniority Rights Prevailing.

The above options are in accordance with Article XXII and the Plant Shutdown Memorandum
ratified on 10/20/02.

_____                    _____
    Employee Signature                                        Date

_DCD   R.W_____
    Union Official                                            Date

_M. Klobowski_____                       _10/22/02_____
    Company    Emp. not going to Dr.                  Date
Emp. can't walk 12 hrs. Says he can't do it
Due to memorandum of agreement. medical not offered.
Employee refused to sign.

# EXHIBIT   K

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Anthony Gittles<br>142 Chapin Terrace<br>Springfield, MA 01107 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
| --- | --- | --- | --- |

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 16C-2003-01206 | Robert L. Sanders,<br>Director | (617) 565-3200 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X]   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

Robert L. Sanders,
Area Office Director

JAN 10 2005

_____ *(Date Mailed)*

Enclosure(s)

cc:

Jay Presser, Esq.
Skoler, Abbott & Presser, P.C.
Suite 2000 One Monarch Place
Springfield, MA 01144

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Lawrence Pietrucci<br>27 Arcadia Blvd.<br>Springfield, MA 01108 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|-----|--------|--------|--------|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) | | |
|---|---|---|---|

| Charge No. | EEOC Representative | Telephone No. |
|------------|---------------------|---------------|
| 16C-2003-01243 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

| [X] | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**JAN − 5 2005**

Enclosure(s)

**Robert L. Sanders,<br>Area Office Director**

*(Date Mailed)*

cc: **MEAD WESTVACO<br>315 Industry Avenue<br>Springfield, MA 01104**

**PACE, Local 10001<br>33 East Land Street<br>Springfield, MA.  01109**

**Devin Moriarty, Esquire<br>101 State Street, Suite 501<br>Springfield, MA.  01103-2070**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   **Anabella Carvalho**<br>**1039 Worcester Street**<br>**Springfield, MA 01101** | From:   **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16C-2003-01210** | **Anne R. Giantonio,**<br>**Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form )*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, is sued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

JAN - 5 2005

Enclosure(s)

**Robert L. Sanders,**
**Area Office Director**

*(Date Mailed)*

cc:   **PACE, LOCAL 10001**
      **33 East Land Street**
      **Springfield, MA 01109**

      **Mead Westvaco**
      **315 Industry Avenue**
      **Springfield, MA. 01104**

      **Devin Moriarty, Esquire**
      **101 State Street, Suite 501**
      **Springfield, MA. 01103-2070**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Richard Lafleche | From: | Boston Area Office |
|---|---|---|---|
| | 106 Osborne Terrace | | John F. Kennedy Fed Bldg |
| | Springfield, MA 01104 | | Government Ctr, Room 475 |
| | | | Boston, MA 02203 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Anne R. Giantonio, | |
| 16C-2003-01208 | Intake Supervisor | (617) 565-3189 |

*(See also the additional information enclosed with this form )*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**JAN - 5 2005**

Robert L. Sanders,
Area Office Director

Enclosure(s)

*(Date Mailed)*

cc:  PACE, LOCAL 10001
33 East Land Street
Springfield, MA 01109

Mead Westvaco
315 Industry Avenue
Springfield, MA. 01104

Devin Moriarty, Esquire
101 State Street, Suite 501
Springfield, MA. 01103-2070

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   Robert Vieu<br>164 Garvey Drive<br>Springfield, MA 01109 | From:   **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16C-2003-01205** | **Anne R. Giantonio,**<br>**Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court** **WITHIN 90 DAYS** **of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** **more than 2 years (3 years)** **before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**JAN - 5 2005**

Enclosure(s)

*[signature]*

**Robert L. Sanders,**
**Area Office Director**

*(Date Mailed)*

cc:   **PACE, LOCAL 10001**
**33 East Land Street**
**Springfield, MA 01109**

**Mead Westvaco**
**315 Industry Avenue**
**Springfield, MA.  01104**

**Devin Moriarty, Esquire**
**101 State Street, Suite 501**
**Springfield, MA.  01103-2070**

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS** Anabela Carvalho Anthony Gittles, Lawrence Pietrucci, Richard LaFleche, and Robert Vieu

**DEFENDANTS** MeadWestvaco Corporation and Union, Paper, Allied-Industrial, Chemical and Energy Workers International Union, Local 10001 and its International;

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John Connor, Esq.
The Law Offices of Moriarty and Connor, LLC.
101 State Street, Suite 501
Springfield, MA 01103-2070
tel (413) 827-0777 fax (413) 827-8867

ATTORNEYS (IF KNOWN) MeadWestvaco- Jay M. Presser, Esq. Suite 2000, One Monarch Place, Springfield, MA 01144
PACE - Paul Bradford Brousseau, Esq. Executive Office Center, Suite 7, 425 Union Street, West Springfield, MA 01089

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Plaintiffs seek equitable relief and damages for violations of the Americans With Disabilities Act, 42 U.S.C. § 12101 et. seq. and Massachusetts Anti-Discrimination Laws, Mass. Gen. Laws ch. 151B § 4.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) ☐ 863 DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ According to Proof

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 1/24/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

3005831

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Carvalho et. al. v.
MeadWestvaco

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED
ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720,730,
            740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN
FILED IN THIS COURT? No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS
AFFECTING THE PUBLIC INTEREST? No

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES
PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF
MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES no OR IN THE WESTERN
SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D))
YES no

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN
SECTIONS OF THE DISTRICT? YES

   (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? Western

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Western

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY
GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE
IN THE CENTRAL SECTION_____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME John D. Connor, Esq.

ADDRESS The Law Offices of Moriarty and Connor, 101 State Street, Suite 501,
Springfield, MA 01103-2070
TELEPHONE NO. (413) 827-0777  fax (413) 827-8867

(COVER.SHT-08/90)