```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

ANABELA CARVALHO, ET AL,    )
        Plaintiffs          )
                            )
    v.                      )  CIVIL ACTION NO. 05-30020-MAP
                            )
MEADWESTVACO CORPORATION,   )
ET AL,                      )
        Defendants          )

<u>MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS
CLAIMS UNDER MASS. GEN. LAWS CH. 151B</u>
(Docket No. 8)

August 29, 2005

PONSOR, U.S.D.J.

This is an action for employment discrimination based upon disability, brought pursuant to the Americans with Disabilities Act ("ADA") and Mass. Gen. Laws ch. 151B. The defendant MeadWestvaco Corporation ("defendant") has moved to dismiss the claims under Mass. Gen. Laws ch. 151B, on the ground that this Massachusetts statute cannot apply to a Connecticut employer in the operation of its facility in Connecticut.[1] For the reasons set forth below, the Motion to Dismiss will be allowed.

The essential facts may be summarized concisely. The plaintiffs are former employers of Westvaco, a Massachusetts

---

[1] The claims against the co-defendants in this case have been settled as to liability. The defendants other than MeadWestvaco Corporation remain in the case only for purposes of remedy.

corporation with a manufacturing facility in Springfield, Massachusetts.  Each of the plaintiffs, while working in Massachusetts, had received the benefit of certain accommodations based upon their recognized medical conditions, the most important of which was that they could not be required to work in excess of eight hours per day.

In October 2001, Westvaco merged with Mead Corporation to form the defendant corporation.  Approximately a year later, in September 2002, the defendant announced that the Springfield plant would close and that a limited number of employees could elect to transfer to the defendant's plant in Enfield, Connecticut.

Plaintiffs allege that the defendant absolutely prohibited any employee who had any medical restrictions whatsoever limiting his or her ability to work from applying for transfer.  One of the potential restrictions (but not the only restriction) that presented a particularly emphatic bar to re-employment was the inability to work for more than eight hours a day.  Defendant's plant in Enfield operated on twelve-hour shifts under its so called "Continuous Operations Schedule."

The limitations on the rights of Springfield employees to obtain positions in Enfield, including those related to medical restrictions, were negotiated between the defendant

and the co-defendant union local in Massachusetts.  For purposes of the Motion to Dismiss, moreover, the court will assume that the plaintiffs were residents of Massachusetts, and contacted their employer to solicit the opportunity to work in Connecticut, in Massachusetts.

The defendant is correct that in these circumstances Mass. Gen. Laws ch. 151B cannot be invoked.  It is undisputed that the defendant is a non-Massachusetts corporation headquartered in Stamford, Connecticut, and that the positions that the plaintiffs were attempting to transfer into were located in Enfield, Connecticut.  Connecticut, not Massachusetts, law therefore controls the plaintiffs' terms and conditions of employment, even where the negotiations with regard to employment occurred in Massachusetts.  The Supreme Court has made it clear that one state may not impose sanctions for violations of its own laws, with the intent of changing or penalizing lawful conduct in other states. <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 572-73 (1996).

As the Massachusetts Superior Court recently recognized, citing well-established Massachusetts law, "[t]he reach of a Massachusetts statute . . . must end at Massachusetts' borders unless the legislature has provided for extra-territorial authority of the statute." <u>Commonwealth v.</u>

-3-

Miller, 2002 WL1489613, *5 (Mass. Super.), citing Howard v. Lombardo, 175 Mass. 572, 573 (1900); Bradley v. Burton, 151 Mass. 419, 421 (1890).

Judges of Massachusetts federal courts have also held, in other contexts, that statutes of the Commonwealth of Massachusetts lack extra-territorial reach. For example, with regard to the Massachusetts Civil Rights Act, the court held that "[i]n general, there is a presumption against extra-territoriality of statutory application without evidence of legislative intent to the contrary." Doricent v. American Airlines, Inc., 1993 WL437670, *8 (D. Mass.). See also Pendell v. AMS/Oil, Inc., 1986 WL5286, *4 (D. Mass.).

The plaintiffs seek, in effect, an order requiring the defendant to hire them and permit them to work in Connecticut, on the ground that the failure to do so would constitute a violation of Massachusetts law.[2] If the plaintiff's argument were accepted, the defendant could be forced to accommodate a medical restriction based on a

---

[2] Obviously, to the extent that the defendant's conduct violates federal law, plaintiffs will have a full remedy. At the same time, it must be noted that Ch. 151B places, in some ways, heavier burdens on employers than federal law does. Thus, the potential that the defendant may be liable purely for violation of some provision of the Massachusetts statute, while entirely innocent of any such violation of federal law, is very real.

Massachusetts statute that it would not be required to respect under either federal or Connecticut law.  Where the plaintiff is employed at a Connecticut work site, this interpretation of an employer's responsibility would be impractical and would breed chaos.

For the foregoing reasons, the defendant's Motion to Dismiss (Docket No. 8) is hereby ALLOWED.  Plaintiffs have recently filed an amended complaint.  This ruling will apply to any claim under ch. 151B contained in the complaint.  A scheduling order governing the completion of all pretrial proceedings has issued along with this memorandum.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge
