UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANABELA CARVALHO, ANTHONY GITTLES, LAWRENCE PIETRUCCI, RICHARD LaFLECHE, and ROBERT VIEU,<br><br>Plaintiffs,<br><br>vs.<br><br>MEADWESTVACO CORPORATION and UNION, PAPER, ALLIED-INDUSTRIAL, CHEMICAL & ENERGY WORKERS INTERNATIONAL UNION, LOCAL 10001 AND ITS INTERNATIONAL,<br><br>Defendants. | CIVIL ACTION NO. 05-30020-MAP<br><br><br>**DEFENDANT MEADWESTVACO'S ANSWER TO AMENDED COMPLAINT** |

Defendant, MeadWestvaco Corporation ("Defendant"), submits its Answer and Affirmative Defenses to Plaintiffs, Anabela Carvalho, et. al.'s ("Plaintiffs") Amended Complaint.

## INTRODUCTION

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint except to the extent that it alleges that the action is being brought pursuant to M.G.L. c. 151B, such claims being dismissed by the court by Order dated August 29, 2005.

## JURISDICTION AND VENUE

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4. Defendant is without sufficient information to answer the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint as they relate to the Defendant Union, and they are therefore denied.  To the extent that the allegations relate to Defendant MeadWestvaco, Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5. Defendant denies the allegations in Paragraph 5 to the extent it alleges any unlawful conduct.  Defendant admits that venue is proper.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint, and they are therefore denied except insofar they allege that Plaintiff Anabela Carvalho is a person, which is admitted.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint, and they are therefore denied except insofar as they allege that Plaintiff Anthony Gittles is a person, which is admitted.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint, and they are therefore denied except insofar as they allege that Plaintiff Lawrence Pietrucci is a person, which is admitted.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs'

Amended Complaint, and they are therefore denied except insofar as they allege that Plaintiff Richard LaFleche is a person, which is admitted.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint, and they are therefore denied except insofar as they allege that Plaintiff Robert Vieu is a person, which is admitted.

11. Defendant denies the allegations of Paragraph 11 as written. Further answering, Defendant admits that Plaintiffs had formerly worked for Westvaco Corporation and later for MeadWestvaco, and that Defendant conducts business in Massachusetts.

12. Defendant admits the allegations of Paragraph 12 of the Amended Complaint.

13. On information and belief, the Defendant admits the allegations of Paragraph 13 of the Amended Complaint.

## STATEMENT OF FACTS

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint, but further answering, admits that at one time Defendant operated manufacturing facilities at the address alleged.

15. Defendant admits the allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendant admits only that PACE represents a bargaining unit of employees at its Enfield plant. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint.

        Further answering, Defendant admits that at one time PACE represented bargaining units of employees working at Defendant's Springfield facilities.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Amended Complaint as written. Further answering, Defendant admits that Meadwestvaco was created by the merger of Westvaco Corporation and Mead Corporation.

18. Paragraph 18 of Plaintiffs' Amended Complaint is too vague to call for a response, and therefore Defendant denies the allegations contained in Paragraph 18 as written.

19. Defendant admits the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendant admits that in September 2002, it announced the closing of the Springfield facilities. Further answering, Defendant admits that when it announced the closing of the two manufacturing plants in Springfield, it announced that some employees and equipment would be transferred to Enfield and that other equipment would be used to enhance operations at envelope facilities around the country. Defendant denies the remaining allegations contained Paragraph 20 of Plaintiffs' Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint. Further answering, Defendant asserts that, consistent with its obligation under the National Labor Relations Act, it engaged in negotiations with PACE regarding the effects of the plant closing on Springfield employees represented by PACE.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint as written, but further answering, admits that consistent with its obligations under the National Labor Relations Act, it negotiated the effects of the Springfield plant on bargaining unit members with PACE and reduced said agreement to writing.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint as written to the extent it alleges that substantively employees could not transfer if they had any medical restriction. Further answering, the document speaks for itself, and thus, the allegations as to what is stated in the document needs no response.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint as written. Further answering, Defendant admits that Plaintiff Anabela Carvalho was hired in December 1986 as an Operator of Folding Machines.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint, and they are therefore denied.

26. Defendant admits the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint and they are therefore denied.

29. Defendant admits the allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint.

30. Defendant admits the allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint and they are therefore denied.

34. Defendant denies the allegations of Paragraph 34 but admits that it notified Plaintiff Anthony Gittles that the documentation presented did not justify a permanent exemption from working overtime and that he would be expected to work a reasonable amount of overtime.

35. Defendant admits the allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint to the extent that it alleges that Plaintiff Gittles filed a charge of discrimination. The charge of discrimination is a written document that speaks for itself, so that allegations regarding the content of the document need not be admitted or denied.

36. The determination of the Massachusetts Commission Against Discrimination is a written document that speaks for itself, so that allegations regarding the content of the document need not be admitted or denied..

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint as written.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint as written.  Further answering, to the extent that the Amended Complaint is referencing a written document, said document speaks for itself, so that allegations regarding the content of the document need not be admitted or denied.

39. Defendant admits the allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint.

40. Defendant has no first-hand knowledge regarding the allegations contained in Paragraph 40 of Plaintiffs' Amended Complaint and they are therefore denied.

41. Defendant admits the allegations contained in Paragraph 41 of Plaintiffs' Amended Complaint.

42. Defendant has no first-hand knowledge regarding the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint and they are therefore denied.

43. Defendant admits the allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint.

45. To the extent that the Amended Complaint is referencing a written document, said document speaks for itself, so that allegations regarding the content of the document contained in Paragraph 45 of the Amended

   Complaint need not be admitted or denied. The allegations are otherwise denied.

46. Defendant admits the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint.

48. Defendant admits the allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint and they are therefore denied.

50. Defendant admits the allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint.

52. Defendant has no first-hand knowledge regarding the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint and they are therefore denied.

53. Defendant admits the allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint as written. Further answering, Defendant admits that Plaintiff Robert Vieu was employed by Defendant as a Machine Adjuster from December 19, 1994 through November 24, 2002.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint and they are therefore denied.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint and they are therefore denied. To the extent that the Amended Complaint is referencing a written document, said document speaks for itself, so that allegations regarding the content of the document contained in Paragraph 56 of Plaintiffs' Amended Complaint need not be admitted or denied.

57. Defendant admits the allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint and they are therefore denied. To the extent that the Amended Complaint is referencing a written document, said document speaks for itself, so that allegations regarding the content of the document contained in Paragraph 58 of Plaintiffs' Amended Complaint need not be admitted or denied.

59. Defendant denies the allegations of Paragraph 59 of Plaintiffs' Amended Complaint. Further answering, Defendant admits that PACE informed Defendant that its members had ratified the agreement reached as a result of the effects bargaining conducted by PACE and the Defendant following the announcement that the Springfield plant would be closed.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint and they are therefore denied.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 in that it is not sure that each of said Plaintiffs attended the meeting described. Further answering, Defendant admits meetings were conducted with the effected employees with their union representatives present to discuss the possibility of obtaining a position at the Enfield facility.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint as written.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiffs' Amended Complaint as written. Further answering, Defendant admits that employees from the facilities closing in Springfield were told that they were not eligible for employment at the Enfield facility unless they could satisfy the requirements of a Continuous Operation (Twelve Hour) Shift utilized in Enfield. Further answering, Defendant admits that employees in Springfield with medical restrictions on file that seemingly precluded them from working a Continuous Operation (Twelve Hour) Shift were given the opportunity to update their medical information if appropriate to indicate, that they could work the Continuous Operation (Twelve Hour) Shift utilized in Enfield, and if they presented evidence that they could work the required shift, they would thereafter be considered eligible for consideration for hire in Enfield.

64. The allegations of Paragraph 64 reference a written document, and said document speaks for itself, so that allegations regarding the content of the document contained in Paragraph 64 of Plaintiffs' Amended Complaint need not be admitted or denied. To the extent that the allegations of the Complaint allege that the form was completed in its present form when first presented to Plaintiff, the allegations are denied.

65. The allegations of Paragraph 65 are referencing a written document, and said document speaks for itself, so that allegations regarding the content of the document contained in Paragraph 64 of Plaintiffs' Amended Complaint need not be admitted or denied. To the extent that the allegations of the Complaint allege that the form was completed in its present form when first presented to Plaintiff, the allegations are denied.

66. The allegations of Paragraph 66 are referencing a written document and said document speaks for itself, so that allegations regarding the content of the document contained in Paragraph 66 of Plaintiffs' Amended Complaint need not be admitted or denied. To the extent that the allegations of the Complaint allege that the form was completed in its present form when first presented to Plaintiff, the allegations are denied.

67. The allegations of Paragraph 67 are referencing a written document and said document speaks for itself, so that allegations regarding the content of the document contained in Paragraph 67 of Plaintiffs' Amended Complaint need not be admitted or denied. To the extent that the allegations of the Complaint allege that the form was completed in its present form when first presented to Plaintiff, the allegations are denied.

68. The allegations of Paragraph 68 are referencing a written document and said document speaks for itself, so that allegations regarding the content of the document contained in Paragraph 68 of Plaintiffs' Amended Complaint need not be admitted or denied. To the extent that the allegations of the Complaint allege that the form was completed in its present form when first presented to Plaintiff, the allegations are denied.

69. The allegations of Paragraph 69 are referencing a written document and said document speaks for itself, so that allegations regarding the content of the document contained in Paragraph 69 of Plaintiffs' Amended Complaint need not be admitted or denied. To the extent that the allegations of the Complaint allege that the form was completed in its present form when first presented to Plaintiff, the allegations are denied.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint as written.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiffs' Amended Complaint and they are therefore denied.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint and they are therefore denied.  Defendant admits that the EEOC issued Notices of Rights to Sue to each of the named Plaintiffs.

78. Defendant admits the allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint.

## **FIRST CLAIM**

81. Defendant incorporates its answers to each preceding Paragraph as if fully set forth herein.

82. Defendant denies the allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint.

## SECOND CLAIM

83. On August 29, 2005, the court dismissed the Plaintiff's claims under M.G.L. c. 151B. Accordingly, the allegations of Paragraph 83 of the Amended Complaint do not require a response.

84. On August 29, 2005, the court dismissed the Plaintiff's claims under M.G.L. c. 151B. Accordingly, the allegations of Paragraph 84 of the Amended Complaint do not require a response.

## THIRD CLAIM

85. The allegations of Paragraph 85 run to Defendant PACE, and do not require a response from Defendant MeadWestvaco.

86. The allegations of Paragraph 86 run to Defendant PACE, and do not require a response from Defendant MeadWestvaco. Furthermore, the allegations of Paragraph 86 call for a legal conclusion. Furthermore, on August 29, 2005, the court dismissed the Plaintiff's claims under M.G.L. c. 151B and no response is required relating to remedies under said statute.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim for which relief can be granted.
2. Plaintiffs have failed to exhaust their contractual remedies.
3. Plaintiffs have failed to mitigate their damages.
4. Plaintiffs are not disabled within the meaning of the ADA.
5. Plaintiffs are not able to perform the essential job functions of their positions.

6. The duty to provide reasonable accommodation does not require the Defendant to disregard Plaintiffs inability to work the Continuous Operation Shift utilized at the Enfield facility.

7. Ignoring the Plaintiffs inability to work the Continuous Operation Shift would be an undue hardship.

8. The claims are barred because they conflict with the National Labor Relations Act.

Respectfully Submitted,

/s/ Jay M. Presser
Jay M. Presser
BBO No. 405760

/s/ Kimberly A. Klimczuk
Kimberly A. Klimczuk, Esq.
BBO #660973
Counsel for MeadWestvaco Corporation
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144

Dated:   September 9, 2005       Tel. (413) 737-4753/Fax: (413) 787-1941

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant MeadWestvaco's Answer to Amended Complaint* was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, and filed electronically, on September 9, 2005.

/s/ Jay M. Presser
Jay M. Presser, Esq.