UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANABELA CARVALHO, ANTHONY GITTLES, LAWRENCE PIETRUCCI, RICHARD LaFLECHE, and ROBERT VIEU,<br><br>   Plaintiffs,<br>Vs.<br><br>MEADWESTVACO CORPORATION and UNION, PAPER, ALLIED-INDUSTRIAL, CHEMICAL & ENERGY WORKERS INTERNATIONAL UNION, LOCAL 10001 AND ITS INTERNATIONAL,<br><br>   Defendants. | C.A. No. 05-30020-MAP |

### DEFENDANTS' PACE INTERNATIONAL UNION, AND PACE LOCAL 10001 ANSWER TO AMENDED COMPLAINT

Defendants, PACE International Union ("PACE") and PACE Local 10001 ("Local 10001") (collectively "Defendants"), submit their Answer and Affirmative Defenses to Plaintiffs', Anabela Carvalho, et. als. ("Plaintiffs") Amended Complaint.

### INTRODUCTION

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint except to the extent that it alleges that the action is being brought pursuant to M.G.L.c. 151B against MeadWestvaco. These claims were dismissed by the court by Order dated August 29, 2005. Therefore no injunctive relief may be sought against Defendants only. Additionally, the Chapter 151B claims against the Defendants are preempted by federal law.

**JURISDICTION AND VENUE**

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4. Defendants are without sufficient information to answer the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint as they relate to the Defendant, MeadWestvaco, and they are therefore denied. To the extent that the allegations relate to the offices of Defendants PACE and Local 10001, Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5. Defendants deny the allegations in Paragraph 5 to the extent they allege any unlawful conduct. Defendants admit that venue is proper.

6. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint, and they are therefore denied except insofar as they allege that Plaintiff Anabela Carvalho is a person, which is admitted.

7. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint. They are therefore denied except insofar as they allege that Plaintiff Anthony Gittles is a person, which is admitted.

8. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint,

and they are therefore denied except insofar as they allege that the Plaintiff Lawrence Pietrucci is a person, which is admitted.

9. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint, and they are therefore denied except insofar as they allege that Plaintiff Richard LaFleche is a person, which is admitted.

10. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint, and they are therefore denied except insofar as they allege that Plaintiff Robert Vieu is a person, which is admitted.

11. Defendants admit that MeadWestvaco Corporation did conduct business in Massachusetts. Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 11, and therefore deny them.

12. On information and belief, Defendants admit the allegations of Paragraph 12 of the Plaintiffs' Amended Complaint.

13. On information and belief, the Defendants admit the allegations of Paragraph 13 of the Plaintiffs' Amended Complaint, except that they deny that they can be referred to as one entity entitled "PACE." The International and Local 10001 are separate and distinct legal entities.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint, but further answering; admit that at one time, MeadWestvaco operated manufacturing facilities at the address alleged.

15. Defendants admit the allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendants admit that Local 10001 currently represents a bargaining unit of employees at its Enfield plaint, and that it represented the employees of the Springfield plant before it closed. Defendants deny allegations concerning the description of the bargaining unit.

17. The Defendants are without information or belief to answer the allegations of Paragraph 17, and therefore deny the allegations.

18. The Defendants are without information or belief to answer the allegations of Paragraph 18, and therefore deny the allegations.

19. On information and belief, Defendants admit the allegations contained in Paragraph 19.

20. Defendants admit that in September 2002, MeadWestvaco announced the closing of the Springfield facilities, and it announced that some employees and equipment would be transferred to Enfield.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint stating further that it entered into plant closing negotiations with MeadWestvaco that resulted in ratification of a Memorandum of Agreement with Local 10001 and PACE.

23. Defendants deny the allegations contained in Plaintiffs' Amended Complaint as stated. Defendants further answer that the provision in question specifically rejected by PACE and Local 10001. MeadWestvaco declared that it had made its "last best offer." PACE and Local 10001 brought the offer to the membership with a recommendation to reject it.

The membership ratified the Memorandum of Agreement over the negative recommendation of The International Union and the Local. Upon ratification, the Memorandum was signed. Defendants further state that the provision is quoted only in part and that the document speaks for itself. Thus, the allegations as to what is stated in the document need no response.

24. Defendants are without sufficient knowledge to admit or deny all of the allegations contained in Paragraph 24. Defendants therefore admit that Anabela Carvalho was employed by MeadWestvaco, but deny the balance of the allegations.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and they are therefore denied.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and they are therefore denied.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and they are therefore denied.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and they are therefore denied.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and they are therefore denied.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and they are therefore denied, except that Defendants admit that Anthony Gittles is a person who was employed by MeadWestvaco.

31. Defendants admit the allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint.

32. Defendants admit the allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and they are therefore denied.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and they are therefore denied.

35. Defendants admit the allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint to the extent that it alleges that Plaintiff Gittles filed a charge of discrimination. The charge of discrimination is a written document that speaks for itself.

36. The determination of the Massachusetts Commission against Discrimination is a written document that speaks for itself.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and they are therefore denied.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and they are therefore denied.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and they are therefore denied, except the Defendants admit that Lawrence Pietrucci is a person and that he was employed by MeadWestvaco.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and they are therefore denied.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and they are therefore denied.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and they are therefore denied.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and they are therefore denied.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and they are therefore denied.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and they are therefore denied.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and they are therefore denied.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and they are therefore denied.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and they are therefore denied, except that Defendants admit that Richard LaFleche is a person who was employed by MeadWestvaco.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and they are therefore denied.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and they are therefore denied.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and they are therefore denied.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and they are therefore denied.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and they are therefore denied.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and they are therefore denied, except that Defendants admit that Robert Vieu is a person who was employed by MeadWestvaco.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and they are therefore denied.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and they are therefore denied.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and they are therefore denied.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and they are therefore denied.

59. Defendants admit the allegations of Paragraph 59 which state that the Memorandum was ratified. The remainder of the allegations of Paragraph 59 are denied, as they misstate the wording of the Memorandum of Agreement.

60. On information and belief, Defendants admit the allegations of Paragraph 60.

61. Defendants admit that meetings took place but are without knowledge or information sufficient to form a belief as to whether each of the Plaintiffs attended, and which Local 10001 or International representative attended. Defendants therefore deny these allegations for purposes of this Answer.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint as written.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Amended Complaint as written. Further answering, Defendants admit that employees from the facilities closing in Springfield were told that by MeadWestvaco (not Defendants) that they were not eligible for employment at the Enfield facility if they had a medical restriction which presented them from working a twelve hour shift.

64. The allegations of Paragraph 64 refer to a written document. The document speaks for itself, so allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint need not be admitted or denied. The Defendants are without sufficient information or knowledge to know whether the form was completed in its present form when first presented to Plaintiff, so those allegations are denied.

65. The allegations of Paragraph 65 refer to a written document. The document speaks for itself, so allegations contained in Paragraph 65 of Plaintiffs' Amended Complaint need not be admitted or denied. The Defendants are without sufficient information or knowledge to know whether the form was completed in its present form when first presented to Plaintiff, so those allegations are denied.

66. The allegations of Paragraph 66 refer to a written document. The document speaks for itself, so allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint need

not be admitted or denied. The Defendants are without sufficient information or knowledge to know whether the form was completed in its present form when first presented to Plaintiff, so those allegations are denied.

67. The allegations of Paragraph 67 refer to a written document. The document speaks for itself, so allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint need not be admitted or denied. The Defendants are without sufficient information or knowledge to know whether the form was completed in its present form when first presented to Plaintiff, so those allegations are denied.

68. The allegations of Paragraph 68 refer to a written document. The document speaks for itself, so allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint need not be admitted or denied. The Defendants are without sufficient information or knowledge to know whether the form was completed in its present form when first presented to Plaintiff, so those allegations are denied.

69. The allegations of Paragraph 69 refer to a written document. The document speaks for itself, so allegations contained in Paragraph 69 of Plaintiffs' Amended Complaint need not be admitted or denied. The Defendants are without sufficient information or knowledge to know whether the form was completed in its present form when first presented to Plaintiff, so those allegations are denied.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and they are therefore denied.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and they are therefore denied.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and they are therefore denied.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and they are therefore denied.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74, and they are therefore denied.

75. Defendants admit that an MCAD charge was filed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 concerning the EEOC, and they are therefore denied.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the EEOC contained in Paragraph 76 of Plaintiffs' Amended Complaint and they are therefore denied.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint and they are therefore denied. Defendant admits that the EEOC issued Notices of Rights to Sue each of the named Plaintiffs.

78. Defendants admit the allegations of Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint with respect to PACE and Local 10001.

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint with respect to PACE and Local 10001.

**FIRST CLAIM**

81. Defendants incorporate their answers to Paragraphs 1-80 as if fully set forth herein.

82. Defendants deny Paragraph 82 contains a conclusion of law regarding MeadWestvaco's conduct as to which affirmative pleading is required.

## SECOND CLAIM

83. On August 29, 2005, the court dismissed the Plaintiffs' claims under M.G.L.c. 151B against MeadWestvaco. Accordingly, the allegations of Paragraph 83 of the Amended Complaint do not require a response.

84. On August 29, 2005, the court dismissed the Plaintiffs' claims under M.G.L.c. 151B against MeadWestvaco.

## THIRD CLAIM

85. The answers to the allegations of Paragraphs 1-84 of the Complaint are incorporated and realleged, as if fully set forth here.

86. The allegations of Paragraph 86 call for a conclusion of law as to which no affirmative pleading is required. Furthermore, on August 29, 2005, the court dismissed the Plaintiffs' claims under M.G.L.c. 151B against MeadWestvaco, obviating the need to join the Defendants for purpose of affording complete relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims under M.G.L.c. 151B are preempted by the National Labor Relations Act, as amended.

2. This Court lacks jurisdiction over the claim under M.G.L.c. 151B.

3. Plaintiffs have failed to state a claim for which relief can be granted.

4. Plaintiffs have failed to exhaust their contractual remedies.

5. Plaintiffs have failed to mitigate their damages.

6. Plaintiffs are not disabled within the meaning of the ADA.

7. The Plaintiffs have failed to establish grounds for equitable relief against the Union.

8. The claims are barred because they conflict with the National Labor Relations Act.

                Respectfully Submitted,

                /s/ Mary T. Sullivan_____
                Mary T. Sullivan, BBO #487130
                **SEGAL, ROITMAN, AND COLEMAN**
                11 Beacon Street, Suite 500
                Boston, MA  02108
                (617) 742-0208
                msullivan@segalroitman.com

Dated:  September 16, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing Notice of Appearance was served upon Kimberly A. Klimczuk, Esq., Skoler, Abbott & Presser, P.C., One Monarch Place, Suite 2000, Springfield, Massachusetts, 01144, and Jay M. Presser, Skoler, Abbott & Presser, P.C., One Monarch Place, Springfield, MA 01144, and John D. Connor, Esq., Law Offices of Moriarty & Connor, LLC, 101 State Street, Suite 501, Springfield, MA 01103 by first-class mail, postage prepaid, and filed electronically on September 16th, 2005.

                /s/ Mary T. Sullivan
                Mary T. Sullivan

MTS/7336/05062/UnionAnswerToAmdCompl.doc